IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BONNELL BOYD,

     Petitioner,

v.                                     Case No. 3:16-cv-30

JAMES BEALE,
Warden, Deerfield Correctional Center,

     Respondent.

## OPINION

The petitioner, Bonnell Boyd, seeks a writ of habeas corpus because he alleges that the Virginia Parole Board (the "Board") violated his due process rights when it denied him geriatric release. He says that the Board violated its own procedures in stopping the vote on his geriatric release and then restarting it after the composition of the Board had changed. Boyd argues these actions constitute a due process violation. After the Supreme Court of Virginia dismissed his petition, he filed a §2254 petition in this Court. The defendant, James Beale, Warden of Deerfield Correctional Center (the "Warden"), has filed a motion to dismiss for failure to state a claim. The Court grants the defendant's motion and dismisses the petition because Boyd fails to state a claim that the Board violated his due process rights.

## I. BACKGROUND

In December 1996, a jury convicted Boyd of two counts of rape and one count of object penetration. Following the jury's recommendation, the judge sentenced Boyd to 25 years in prison.

Under Virginia law, "any person serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony, (i) who has reached the age of sixty-five or older and

who has served at least five years of the sentence imposed … may petition the Parole Board for conditional release." Va. Code Ann. § 53.1-40.01.  Upon his initial eligibility in 2004, Boyd began filing annual petitions for geriatric conditional release with the Board.  With these petitions, Boyd submitted reports, evaluations, and opinions from a number of experts supporting his release.  The Board denied each petition.

The Board has set procedures for determining whether to grant a geriatric parole petition. The Board's five members vote individually and in succession on each petition.  Three of the five members would need to vote "yes" on a petition for the Board to grant geriatric parole.  The members cast their votes via the Corrections Information System ("CORIS").  Once voting has started, it typically does not stop until all five members have voted.  If a board member or board staff member must stop the voting for a legitimate reason before all members cast their votes, they must post a date of action and explanation in CORIS.

During Boyd's May 2014 parole vote, Boyd alleges that the Board violated its procedures.  According to Boyd, the third board member to vote intended to vote "yes," giving Boyd his third "yes" vote, but, before he could vote, the case disappeared from his computer. Boyd alleges that another board member, Karen Brown, violated procedure by stopping the vote, which resulted in the third member's inability to vote.  She allegedly stopped the voting by placing a "Case Closed" action in CORIS for Boyd's petition with no date, explanation, or indication that she was responsible for doing so.

Voting did not restart until July, but, this time, Brown began the vote and former Chairman William Muse had retired.  Importantly, Muse had been one of Boyd's original "yes" votes.  Without Muse's vote, Boyd only received two "yes" votes, thereby precluding a grant of parole.

2

Alleging that the above actions resulted in the denial of his petition for geriatric release, Boyd filed an original petition for a writ of habeas corpus with the Supreme Court of Virginia accompanied by sworn declarations from Jane Alford, a rehabilitation specialist who helped Boyd with his parole applications, and former Chairman Muse. The Warden filed a motion to dismiss accompanied by an affidavit from Brown. In response, Boyd filed a motion for discovery and for an evidentiary proceeding, citing disputes of fact, such as which member actually held the position of Chairman of the Board throughout various portions of the relevant time period and what the Board's specific policy says in relation to the relevant events. The Supreme Court of Virginia denied Boyd's request and granted the Warden's motion to dismiss. The court stated that Boyd lacked a "liberty interest" in his release and stated that Brown's actions did not violate Board policy.

## II. LEGAL STANDARD

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. 28 U.S.C. § 2254 et seq. "State court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008).

The district court's review of the state court's factual findings is purposefully narrow. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (holding that the district court's review under § 2254(d) is limited to the evidentiary record before the state court because "[i]t would be contrary to [AEDPA's] purpose to allow a petitioner to overcome an adverse state-court decision

3

with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo").

Additionally, a federal court may not grant habeas relief with respect to any claim that the state court adjudicated on the merits unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Appleby v. Warden*, 595 F.3d 532, 535 (4th Cir. 2010) (quoting *Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007)). "[T]o obtain federal habeas relief, 'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in the existing law beyond any possibility for fairminded disagreement.'" *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir. 2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). By design, this highly deferential standard is "difficult to meet," and governs this Court's review of all legal determinations made on the merits by state habeas courts. *Id.*

### III. DISCUSSION

Boyd asserts that the Supreme Court of Virginia made a decision contrary to, or involving an unreasonable application of, clearly established federal law, when it found that Boyd had "no liberty interest" in his release and that the Board had not violated his due process rights. Procedural due process focuses on the procedures involved when a state deprives

individuals of protected interests.  *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property.").  In order to succeed on a procedural due process claim, a plaintiff must show (1) the existence of a protected interest, (2) the deprivation of that interest by a state actor, and (3) the occurrence of that deprivation without due process of law.  *See Tri-County Paving, Inc. v. Ashe Cnty.*, 281 F.3d 430, 436 (4th Cir. 2002) (citing *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 826 (4th Cir. 1995)).

In the context of parole, state law determines the liberty interest at stake.  *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  The Court, therefore, looks to state law to determine whether the defendant has a liberty interest in parole release.  The Fourth Circuit has held that Virginia's parole statutes do not create a liberty interest in parole release.  *Hill v. Jack*son, 64 F.3d 163, 170-171 (4th Cir. 1995)  ("Because the inmates here have no liberty interest in parole release under Virginia law, neither can they have any liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process.").  While inmates have no liberty interest in parole release under the Virginia Code, "there may be some constitutionally protected interest at least in parole 'consideration' subject to due process." *Hill*, 64 F.3d at 170 (internal citations omitted). *See also Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) ("The Inmates assert, and the Board concedes, that Virginia law gives rise to a limited interest in consideration for parole, but not in parole release.).

Consequently, Boyd can only claim a liberty interest in parole consideration, not parole release.  The Board need only provide him with the criteria used to evaluate parole applicants and a written statement of its reasons for denying parole to provide sufficient procedural due process. *Jennings v. Parole Bd. of Va.*, 61 F. Supp. 2d 462, 467 (E.D. Va. 1999).  Federal courts

must give deference to state parole decisions, so the procedures required are minimal. *See Swarthout v. Cooke*, 562 U.S. 216, 220-221 (2011); *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012). "Because inmates have no liberty interest in parole release under Virginia law, they cannot have any liberty interest in the underlying procedures governing parole determination, provided the procedures themselves satisfy due process." *Jennings*, 61 F. Supp. at 467 (internal citations omitted). This Court has also held that to "satisfy due process, the Parole Board need only make the criteria used by the Parole Board readily available to inmates being reviewed for parole and furnish such inmates with a written statement of its reasons for denying parole." *Id.*

The procedural objections Boyd raises in this petition have to do with the Board's following of its own procedure, which does not fall under the procedural protections he is due for his liberty interest in parole consideration. At no point does Boyd allege that the Board did not make the criteria for parole available to him or did not give him a written statement of its reasons denying parole. Even assuming Boyd's version of the events, it would still not constitute a due process violation, because Boyd is not entitled to have the parole board follow its own procedures. Consequently, the Supreme Court of Virginia accurately interpreted and applied the due process clause. Boyd does not state a claim for a due process violation, and specifically cannot meet the high bar for review on a § 2254 petition which requires that the state court decision be contrary to or an unreasonable application of federal law.

The Supreme Court of Virginia's decision was not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Boyd argues that because the state court dismissed Boyd's claim without allowing a hearing or an opportunity for further factual development, the decision was either not a final decision on its merits or was an unreasonable determination of facts.

The Court finds that the state court's decision was a final decision and a reasonable determination of the facts in this matter. Virginia law allows state courts to determine the merits of a habeas petition on the basis of the record if the "allegations can be fully determined on the basis of recorded matters." *Shaikh v. Johnson*, 276 Va. 537, 549, 666 S.E.2d 325, 331 (2008) (internal quotation marks and citations omitted). In this case, the Supreme Court of Virginia looked at the pleadings as well as attached affidavits and determined that it could ascertain the facts without further evidence. Boyd argues that because the parties presented dueling affidavits, the court needed additional testimony to have a materially complete record. Because Boyd was only entitled to minimal procedures in order to satisfy due process, the Supreme Court of Virginia could fully determine the matter on the basis of the written record.

Boyd identifies a number of disputed facts all related to the procedure the Board used or did not use in denying Boyd parole. He argues that the Supreme Court of Virginia had to make a determination about these facts to resolve his due process claim. The Court, however, finds that none of the factual disputes that Boyd alleges would have proven a due process violation, because they related to procedures beyond those that Boyd was entitled to under the due process clause. Because the Supreme Court of Virginia did not need to resolve these disputes in order to deny Boyd's habeas petition, a hearing was unnecessary. The Court finds that Boyd has failed to state a claim that the Supreme Court of Virginia reached its decision based on an unreasonable determination of the facts. The Court dismisses this claim.

7

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Warden's Motion to Dismiss.  The Court also denies a certificate of appealability.[1]

An appropriate Final Order shall issue.

Date:  August 3, 2016
       Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Boyd fails to meet this standard.

8